JOSEPH J. PORRELL *vs.* SCHOOL COMMITTEE OF WAYLAND
& others.[1]

No. 97-P-0026.

Middlesex. February 12, 1998. - May 29, 1998.

Present: PERRETTA, DREBEN, & LENK, JJ.

*School and School Committee,* Athletic coach, Tenure of personnel. *Statute,* Construction.

This court concluded that a physical education teacher, who had professional teacher status under G. L. c. 71, § 41, was not entitled, under G. L. c. 71, § 47A, to tenure protection in his position as head basketball coach, where such a result would frustrate the legislative intent, expressed in § 47A, imposing a durational limitation on coaching appointments. [24-26]

CIVIL ACTION commenced in the Superior Court Department on November 1, 1995.

Motions for summary judgment were heard by *Catherine A. White,* J., and the case was reported to the Appeals Court by *Margot Botsford,* J.

*William H. Sheehan, III,* for the plaintiff.

*Mary L. Marshall* for the defendants.

PERRETTA, J. After being notified that he would not be the men's head basketball coach for the 1994-1995 season, the plaintiff, a high school physical education teacher with professional teacher status,[2] brought a complaint seeking declaratory and injunctive relief under G. L. c. 231A. He claims that because

---

[1]Gary A. Burton, individually and as superintendent of schools of the town of Wayland; Michael Ananis, individually and as assistant superintendent of schools of Wayland; Sharon D. Hennessy, individually and as principal of Wayland High School; Robert Watts; and Sally Watts.

[2]On June 18, 1993, the Governor signed the Education Reform Act of 1993, St. 1993, c. 71, into law. The act substituted the term "professional teacher status" for the word "tenure." We use those terms synonymously throughout this opinion.

he has professional teacher status as a physical education teacher, he also had tenure as a basketball coach. A Superior Court judge concluded that the plaintiff was not entitled to tenure protection in his position as basketball coach and allowed the defendant superintendent's motion for partial summary judgment. Thereafter, a second Superior Court judge, pursuant to Mass.R.Civ.P. 64, 365 Mass. 831 (1974), reported to us the question whether the plaintiff had professional teacher status in his coaching position and, if so, whether he must arbitrate the issue of his removal. We conclude that the plaintiff was not entitled to tenure protection in his coaching position and that it is, therefore, unnecessary to consider whether the defendant was required to submit the issue of his removal to arbitration.

1. *The relevant facts.* The plaintiff has been a physical education teacher at Wayland High School since 1968 and has tenure in that position under G. L. c. 71, § 41.[3] In addition to his teaching responsibilities, the plaintiff had been appointed the head basketball coach each year from 1970 to 1994.

Coaches for various school sports are appointed by the school committee for one-year terms for which they receive an annual stipend.[4] For reasons that need not be discussed, the school superintendent did not appoint the plaintiff as the head basketball coach for the 1994-1995 academic year. The fact that the plaintiff did not receive an appointment for that year has in no way affected his employment as a teacher within the Wayland school system, where he continues in his position as a high school physical education teacher with professional teacher status.

2. *Discussion.* General Laws c. 71, § 47A, as amended by St. 1993, c. 71, § 50, reads:

---

[3]The first paragraph of § 41, as appearing in St. 1993, c. 71, § 43, provides in part: "For the purposes of this section, a teacher, school librarian, school adjustment counsellor, or school psychologist who has served in the public schools of a school district for three consecutive years shall be considered a teacher, and shall be entitled to professional teacher status as provided in section forty-two." A 1995 amendment, St. 1995, c. 209, § 3, added "school social worker" following "counsellor."

Section 42, appearing in St. 1993, c. 71, § 44, provides that a teacher with professional teacher status cannot be dismissed without notice and just cause and may seek review of any dismissal by filing a petition for arbitration.

[4]The school committee has never granted professional teacher status to anyone in their capacity as a coach.

"The superintendent may contract to employ athletic coaches . . . for periods not in excess of three years. The provisions of section forty-one relative to tenure shall not apply to such athletic coaches, unless they are otherwise entitled to tenure."

It is the plaintiff's argument that because he is "otherwise entitled to tenure" as a physical education teacher, § 47A provides him with tenure in his additional position as head basketball coach. If the plaintiff is correct, then he cannot be removed from his coaching position without just cause and compliance with those procedures set out in G. L. c. 71, § 42, notwithstanding the fact that § 41 extends those protections only to teachers, school librarians, school adjustment counselors, school social workers, and school psychologists and makes no reference to athletic coaches. See note 2, *supra.*

The plaintiff's argument conflicts with the legislative intent of § 47A, as recently discussed in *School Comm. of Natick* v. *Education Assn. of Natick,* 423 Mass. 34, 38-39 (1996). There the court stated that "by limiting coaching appointments to a maximum of three years, the Legislature intended to establish a fixed term of employment, readily terminable at its conclusion" and concluded that a "collective bargaining agreement which conferred just cause protection, and de facto tenure, on a public high school coach would conflict with the durational limitation of § 47A." If a bargaining agreement purporting to confer de facto tenure on an athletic coach conflicts with the "durational limitation" of § 47A, so also does the plaintiff's claim that he acquired de jure tenure by reason of his professional teacher status as a physical education teacher plus twenty years' service in his coaching position. In either situation, the legislative intent in imposing a durational limitation on coaching appointments is frustrated.

We think § 47A a clear expression of a legislative intent that no person appointed as a coach for three, or even more, consecutive years shall thereby attain tenure protection in that position in the same way a person acquires tenure status as a teacher under § 41, that is, after serving in a public school of a school district for three consecutive years. However, the fact that a person cannot attain tenure as a coach has no effect on any professional teacher status to which a teacher is otherwise entitled under § 41. Were the defendant ever to seek dismissal of the plaintiff from his position as a physical education teacher,

the plaintiff would be entitled under § 41 to those tenure protections set out in § 42.[5]

In response to the report, we answer that the plaintiff was not entitled to tenure protection in his position as head basketball coach and that it is, therefore, unnecessary to consider whether he was required to arbitrate the issue of his removal. See *School Comm. of Natick* v. *Education Assn. of Natick,* 423 Mass. at 40-41.

---

[5]Our reading of § 47A is consistent with an almost identical provision in § 41 for teachers with professional teacher status who receive appointments to certain administrative positions. That section provides, in part: "Except as provided herein, section forty-two shall not apply to school principals, assistant principals or department heads, although nothing in this section shall deny to any principal, assistant principal or department head any professional teacher status *to which he shall otherwise be entitled*" (emphasis supplied). G. L. c. 71, § 41, second par., as appearing in St. 1994, c. 346. Thus, while a principal, assistant principal or department head may be dismissed from those positions only in accordance with the procedures detailed in § 41, any such dismissal would have no effect on that person's professional teacher status as a teacher.